HEDLEY & CAPWELL v. GEORGE N. AND NATHAN BRIGGS.

The consideration expressed in a deed of land, as between the grantee and a party claiming under a prior agreement for the conveyance of the same land to recover so much of the consideration as remains unpaid, or as was paid with notice of such agreement, is prima facie evidence only, and may be rebutted by proof of the actual consideration.

THIS cause came up on exceptions to a master's report. The bill was originally brought against George N. Briggs, to enforce the specific performance of an agreement to convey to the plaintiff a number of burial lots in the Oakland Cemetery. Subsequently, Nathan N. Briggs was made a party, upon a charge that, in pursuance of a design to defraud the plaintiffs, and with notice of the aforesaid agreement, and after the commencement of proceedings to enforce the same, he had taken a conveyance from George N. Briggs of the lots in question, together with certain other lots adjoining the same, upon the nominal consideration of two thousand dollars. The bill prayed for relief against both defendants by an execution of the agreement, and a conveyance from the said Nathan N. to the plaintiffs of the lots in question. The Court, upon hearing of the cause, decreed that the said agreement was established ; but that the aforesaid conveyance to Nathan N. Briggs was made without sufficient notice of said agreement to render him liable to execute a conveyance of said lots to the plaintiffs ; and the cause was re-

ferred to a master to ascertain the value of said lots, and also to ascertain and report whether the consideration of the deed from George N. Briggs, or any part thereof, was paid after notice of the agreement between the said George N. Briggs and the plaintiffs, and of the proceedings to enforce the same, and how much, if any, was so paid, and also how much, if any, remained unpaid. In conformity with this decree, the master reported, among other things, that the actual consideration of the deed from George N. to Nathan N. Briggs was $1,777, not $2,000, as therein expressed, and of this sum, $232 was paid in càsh, and the balance in the promissory note of the said George N. for $945 for an antecedent debt, and that the said sum was paid and the note given up or cancelled before notice of the aforesaid agreement. It was objected for the plaintiffs, that the consideration named in the deed being $2,000, the said Nathan N. Briggs was bound to show that this sum in full was paid by him, and before notice of the plaintiff's claim on the land, and they were entitled to so much as was not shown to be so paid, and that evidence to prove that the consideration named was not the actual consideration was inadmissible; but the master overruled these objections, and the report was excepted to, among other grounds, for this reason.

*Hayes*, for the defendant, cited the following cases to show that the consideration expressed in the deed, might be contradicted by evidence of the actual consideration. *Morse* v. *Shuttuck*, (4 New Hamp. 229.) *Richard* v. *Brown*, (4 New Hamp. 397.) *Shepard* v. *Little*, (14 Johns. 210.) *Belden* v. *Seymour*, (8 Conn. 304.) *Mac-*

*Cree* v. *Purmort,* (16 Wend. 460.) *Wilkinson* v. *Scott,* (17 Mass. 249)

*Jenckes* for the plaintiff.

GREENE, C. J.—The consideration recited in the deed from George N. Briggs to Nathan N. Briggs is two thousand dollars, and it is contended that this recital is binding upon Nathan N. Briggs, not only as between himself and the grantor, but also as between himself and the plaintiffs. Whether or not the deed can be contradicted in this particular between the original parties it is unnecessary here to determine, though we are inclined to that line of authorities which treats such a recital as *prima facie* evidence only, that may be rebutted by proof of the actual consideration. There may be many causes to induce the parties to express in the deed a different consideration from that actually agreed to be paid, and to hold them bound by that which is expressed would often work great injustice. But if the rule be otherwise between the original parties, we do not think it should govern the present case. The effect of the proceedings is to substitute the plaintiffs to the right of George N. Briggs, so far as to enable them to enforce the payment of so much of the consideration as remains unpaid, or was paid with notice of their claim, and we do not think this should entitle them to claim a greater amount than that which was actually agreed upon, though a greater may have been expressed in the deed.

Exceptions overruled.